**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Clifton, | No. CV-16-02697-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| M&P Venture Partners LLC, et al., | |
| Defendants. | |

Plaintiff Chad Clifton failed to appear at the settlement conference before Judge Boyle on June 15, 2017, as ordered (Docs. 24, 27), failed to respond to Judge Boyle's subsequent order to show cause (Doc. 28), failed to appear before this Court as ordered on July 14, 2017 (Doc. 30), and has stopped communicating with his counsel (Doc. 29). Plaintiff's counsel has made significant efforts to locate and communicate with him, including process servers, mail, email, phone messages, and Internet searches, all to no avail. The Court will dismiss this case for failure to prosecute and failure to comply with court orders.

The Ninth Circuit has developed a five-part test to determine whether a dismissal sanction is just: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). "[W]here a court order is violated, factors 1 and 2 support

sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Id*. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*.

Considering this five-factor test, the Court concludes that dismissal is appropriate. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Defendant Mitchell will be prejudiced if a sanction of dismissal is not imposed and this case continues to languish due to Plaintiff's non-cooperation and defiance of court orders. Although the Court has not specifically warned Plaintiff that his case would be dismissed if he refused to participate, the Court knows of no method to deliver such a warning. Plaintiff has disappeared and stopped communicating with his counsel. Any attempted warning would be futile. The Court has considered less drastic sanctions, but in light of Plaintiff's unknown location and failure to comply with several court orders, the Court concludes that the only reasonable action is dismissal.

**IT IS ORDERED:**

1.      Plaintiff's claims are dismissed under Rule 41(b) for failure to prosecute.

2.      Counsel's motion to withdraw (Doc. 29) is **granted**.

3.      The Clerk is directed to terminate this action.

Dated this 14th day of July, 2017.

David G. Campbell
United States District Judge